UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WILLIE M. CLARK | CIVIL ACTION |
| VERSUS | NO: 19-01709 |
| HUNTINGTON INGALLS, INCORPORATED, et al. | SECTION: T (3) |

## ORDER

Before the Court is a motion to remand to state court filed by Plaintiff Willie M. Clark,[1] now substituted by his surviving spouse and children, Ann L. Clark, Gregory G. Clark, Bryan T. Clark, and Deanne R. Clark, respectively. (hereafter, "Plaintiffs").[2] Defendants, the Avondale Interests, have filed an opposition.[3] For the reasons set forth below, the motion to remand is DENIED.

FACTS AND PROCEDURAL HISTORY

Mr. Clark asserted in his petition filed in state court in November 2018 that he was exposed to asbestos while employed as a Laborer and Mechanic at Avondale from 1969 to 2013. He asserted claims sounding in both negligence and strict premises liability.[4] The Avondale Interests removed the case to federal court pursuant to the federal officer removal statute, 28 U.S.C. § 1442.[5]

---

[1] R. Doc. 87.
[2] R. Doc. 53.
[3] R. Doc. 91. The Avondale Interests are Albert L. Bossier, Jr., Huntington Ingalls Incorporated (f/k/a Northrop Grumman Shipbuilding, Inc., f/k/a Northrop Grumman Ship Systems, Inc., f/k/a Avondale Industries, Inc., and f/k/a Avondale Shipyards, Inc.), and Lamorak Insurance Company as the alleged insurer of Avondale's alleged executive officers, James Bull, Henry Zac Carter, Hettie Margaret Dawes Eaves and Edwin Hartzman. R. Doc. 91, p. 7 n.1.
[4] R. Doc. 1-1.
[5] 28 U.S.C. § 1442(a)(1) provides as follows:

1

Plaintiffs assert this action was improperly removed by Defendants and should be remanded to state court because the Court is without jurisdiction to hear the case.

## LAW and ANALYSIS

Section 1442(a)(1) makes removable a civil action commenced in a state court against "[t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office[.]"[6] "[T]he right of removal...is made absolute whenever a suit in a state court is for any act 'under color' of federal office, regardless of whether the suit could originally have been brought in a federal court."[7] Only a "colorable defense" under federal law is necessary to avoid remand, because one "need not win his case before he can have it removed."[8] "This policy should not be frustrated by a narrow, grudging interpretation of § 1442(a)(1)." It is well-settled that the federal officer removal statute must be liberally construed, "resolving any factual disputes in favor of federal jurisdiction."[9]

The Fifth Circuit recently overruled precedent imposing "a 'causal nexus' test after

---

(a) A civil action or criminal prosecution that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

[6] *Id.*
[7] *Willingham v. Morgan*, 395 U.S. 402, 406 (1969).
[8] *Id.* at 407.
[9] *Breaux v. Gulf Stream Coach, Inc.*, No. Civ. A. 08-893, 2009 WL 152109, p. 2 (E.D. La. Jan. 21, 2009) (citing *Louisiana v. Sparks*, 978 F.2d 226 (5th Cir. 1992)); *see also Landreaux v. Huntington Ingalls, Inc.*, No. Civ. A. 20-1208, 2021 WL 973616 (E.D. La. 3/16/2021).

Congress amended section 1442(a)" in 2011, and clarified the standard required for a government contractor to remove a case pursuant to the federal officer removal statute as follows:

> [T]o remove under section 1442(a), a defendant must show (1) it has asserted a colorable federal defense, (2) it is a "person" within the meaning of the statute, (3) that has acted pursuant to a federal officer's directions, and (4) the charged conduct is connected or associated with an act pursuant to a federal officer's directions.[10]

Plaintiffs do not contest either Avondale's status as a "person" or its federal contract with the Navy for repairs to certain vessels, and thus they concede Defendants have satisfied the second and third *Latiolais* conditions.[11] Accordingly, the issues before the Court are whether a colorable federal defense exists and whether the charged conduct is connected or associated with an act pursuant to a federal officer's directions.[12]

### A. The Connection Prong

Plaintiffs primarily argue throughout their motion to remand that Defendants failed to properly handle asbestos and failed to warn Mr. Clark of the dangers of asbestos, and because the government did not prevent Defendants from protecting or warning its employees about asbestos, Defendants' actions were not "connected or associated with an act pursuant to a federal officer's directions." As Defendants point out, the Fifth Circuit in *Latiolais* specifically overruled cases employing the "direct causal nexus" test, which the cases cited by Plaintiffs employed. The *Latiolais* court rejected the plaintiff's argument that Avondale negligently failed to warn him about asbestos hazards and failed to provide adequate safety equipment.[13] The court stated:

---

[10] *Latiolais*, 951 F.3d at 296 (internal quotation marks omitted).
[11] R. Doc. 87-1, p. 3.
[12] *Id.*
[13] *Latiolais*, 951 F.3d at 290.

3

> [T]he pleadings here satisfy the "connection" condition of removal. Latiolais alleges that Avondale failed to warn him of the dangers of asbestos and failed to take measures to prevent exposure. This negligence is connected with the installation of asbestos during the refurbishment of the USS *Tappahannock*. Avondale performed the refurbishment and, allegedly, the installation of asbestos pursuant to directions of the U.S. Navy. Thus, this civil action relates to an act under color of federal office.[14]

The same reasoning applies to the case before the Court, with respect to Plaintiffs' negligence and strict liability claims. Defendants have produced evidence showing that Avondale was compelled to use asbestos to meet detailed government specifications and that the government exercised supervision over the shipyard's work to ensure compliance.[15] Defendants further show that Avondale could receive no payments until it certified that all contractual requirements had been met.[16] Accordingly, Plaintiffs' claims are connected to the installation of asbestos during the construction of the Navy Destroyer Escorts and Coast Guard Cutters.

**B. The Colorable Defense Prong**

The statute allows federal officers to remove to federal court cases "that ordinary federal question removal would not reach."[17] "In particular, section 1442(a) permits an officer to remove a case even if no federal question is raised in the well-pleaded complaint, so long as the officer asserts a federal defense in the response."[18] The Fifth Circuit explained that, "an asserted federal defense is colorable unless it is immaterial and made solely for the purpose of obtaining

---

[14] Latiolais, 951 F.3d at 296.
[15] R. Doc. 91, Exhibits C, Affidavit of Christopher Herfel, at ¶¶ 13, 25-30; Exhibit G, Edward Blanchard Affidavit, at ¶¶ 3-5, 11, and 24; Exhibit E, Affidavit of Danny Joyce, at ¶¶ 4-8.
[16] *Id.*, Exhibit G, Edward Blanchard Affidavit, at ¶¶ 21-23; Exhibit E, Affidavit of Danny Joyce, at ¶ 8.
[17] *Id.* at 290.
[18] *Id.*

jurisdiction or wholly insubstantial and frivolous."[19] Therefore, "if a defense is plausible, it is colorable."[20]

Avondale has raised two federal defenses: Plaintiffs' claims are pre-empted and barred by the Longshore Harbor Workers' Compensation Act, 33 U.S.C. § 901, *et seq.*, and Plaintiffs' claims are barred by governmental contractor immunity as established by *Boyle v. United Technologies Corp.*, 487 U.S. 500 (1988).[21] Because Defendants have a "colorable defense" under *Boyle*, it is unnecessary to discuss alternative defenses.[22]

Defendants also relied upon *Boyle* in *Latiolais*, where the Fifth Circuit explained:

> This defense extends to federal contractors an immunity enjoyed by the federal government in the performance of discretionary actions. Accordingly, federal contractors are not liable for design defects if (1) the United States approved reasonably precise specifications; (2) the equipment conformed to those specifications; and (3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States. Furthermore, the government contractor defense does not necessarily apply only to claims labeled design defect. Instead, whether it will apply to a particular claim depends only upon whether Boyle's three conditions are met with respect to the particular product feature upon which the claim is based.[23]

As in *Latiolais*, Defendants have offered evidence establishing that the three *Boyle* conditions are satisfied.[24] First, Defendants have submitted evidence showing that the vessels at

---

[19] *Id.* at 297 (internal quotation marks and citations omitted).
[20] *Id.*
[21] R. Doc. 1, p. 7.
[22] *See Landreaux, supra*, * 3 n. 6 (citing *Dempster v. Lamorak Ins. Co.*, 435 F. Supp. 3d 708 (E.D. La. 2020); *Hernandez v. Huntington Ingalls, Inc.*, No. CV 19-14685, 2020 WL 1864874 (E.D. La. Apr. 14, 2020); *Bourgeois v. Huntington Ingalls Inc.*, No. CV 20-1002, 2020 WL 2488026 (E.D. La. May 14, 2020)).
[23]*Latiolais*, 951 F.3d at 296 (internal quotation marks and citations omitted) (emphasis in original).
[24] *Id.* at 297-98.

issue were built under contracts executed between Avondale and the United States government and contained mandatory terms, conditions and specifications imposed upon Avondale by the government, including the requirement that Avondale use asbestos.[25] Second, Defendants have demonstrated that the Avondale Interests complied with the government design specification to install asbestos through Mr. Clark's own testimony and affidavits and deposition testimony that the Avondale Interests actually complied with reasonably precise specifications (requiring the use of asbestos) from the government regarding its shipbuilding operations.[26] Third, as they did in *Latiolais*, Defendants have also submitted evidence tending to show that the federal government knew as much or more than the Avondale Interests regarding asbestos-related hazards and safety measures. Therefore, as in *Latiolais*, Defendants have made a colorable claim that they did not fail to warn the government about any dangers of which the government did not know.[27]

In short, Defendants have asserted a federal defense that is not wholly insubstantial and frivolous. Accordingly, Defendants have sufficiently established the conditions for federal officer removal under Section 1442(a). For these reasons,

**IT IS ORDERED** that Plaintiffs' motion to remand is DENIED.

New Orleans, Louisiana, this 30th day of March 2021.

_____
GREG GERARD GUIDRY
UNITED STATES DISTRICT JUDGE

---

[25] R. Doc. 91, Exhibit C, Herfel Affidavit, ¶¶ 13, 25-30; Exhibit D, Albert Deposition, at pp. 24-25.
[26] R. Doc. 91, p. 22 and notes 95 and 96.
[27] R. Doc. 91, pp. 22-24 and notes 100-102.